**Jerry G. ENGLISH, Appellant,**

v.

**James R. ENGLISH, Appellee.**

Supreme Court of Kentucky.

May 28, 1976.

Martin W. Johnson, Lovett, Lewis, Johnson & Shapiro, Benton, Robert H. Rice, Wallace, Rice & Gordinier, William T. Warner, Wood, Goldberg, Pedley & Stansburg, Louisville, for appellant.

Pal G. Howard, Marshall County Atty., George E. Long, II, Cunningham & Long, Benton, for appellee.

STEPHENSON, Justice.

This appeal presents the question whether Section 99 of the Kentucky Constitution violates the Constitution of the United States.

The appellant, sheriff of Marshall County, tendered to the appellee, county court clerk of Marshall County, notification and declaration papers (KRS 118.125) for nomination on the 1977 Marshall County primary election ballot as a candidate for sheriff of Marshall County, for the term commencing in January 1978. Appellee reject-

ed the notification and declaration papers on the ground that Section 99 of the Kentucky Constitution prohibited appellant from running for re-election.

Appellant then filed suit in the Marshall Circuit Court seeking a mandatory injunction to compel appellee to accept and file appellant's notification and declaration papers on the ground that Section 99 of the Kentucky Constitution violates substantial and fundamental rights of appellant, as well as of the citizens and voters of Marshall County, guaranteed by the First, Fifth and Fourteenth Amendments to the Constitution of the United States. The trial court entered judgment denying injunctive relief and dismissed the complaint. We affirm.

Appellant's principal argument for reversal is based on three grounds: (1) a fundamental right of candidacy to succeed himself in office, the denial of which shifts a burden on the Commonwealth to demonstrate a *compelling state interest*; (2) a due process right to be a candidate without the bar of an irrational, exclusionary classification; and (3) a right to candidacy free from invidiously selective and discriminatory operation of Section 99, which prohibits the sheriff, but no other county officer, from succeeding himself.

■ Assuming *arguendo* a fundamental right to candidacy for the office of sheriff, it does not follow that the sheriff has a fundamental right to run for re-election as many times as he wishes. We are of the opinion in this case there is no burden on the Commonwealth to demonstrate a *compelling state interest* in the enforcement of the provisions of Section 99 of the Kentucky Constitution which prohibit a sheriff from seeking re-election. The *compelling state interest* test formulated by the United States Supreme Court has proven to be a handy vehicle for invalidating state statutes and provisions of state constitutions. We are of the opinion, however, that the test has no application to the situation presented here. We view the prohibition in Section 99 of the Kentucky Constitution as being unrelated to the areas subject to the application of *compelling state interest*.

■ We are of the further opinion that the provision of Section 99 under attack is not an irrational exclusionary classification, nor is it invidiously selective and discriminatory so as to violate the provisions of the Fourteenth Amendment to the United States Constitution.

We note in passing that in 1956 and 1972 the electorate of this Commonwealth had the opportunity to amend the Kentucky Constitution to allow the sheriff to run for re-election, and in each instance voted against the amendment.

We do not comment on appellant's less than serious argument relative to the First and Fifth Amendments to the United States Constitution, which has even less validity.

We hold that Section 99 of the Kentucky Constitution does not violate the provisions of the United States Constitution in any respect.

The judgment is affirmed.

REED, C. J., and JONES, LUKOWSKY, PALMORE, STEPHENSON and STERNBERG, JJ., concur.

CLAYTON, J., dissents.

CLAYTON, Justice (dissenting).

I respectfully dissent from the majority opinion.

It is my plain and simple belief that an incumbent sheriff should be permitted to succeed himself. The reasons for this prohibition set out in Section 99 of the Kentucky Constitution are grounded in history and the thinking of those early times. Most of those reasons are no longer reality and have been eroded by time. The present-day sheriff does not have the power and authority he once had.

I believe the rising crime rate would be reduced if this prohibition were removed. This would be a reality especially in the rural areas where the sheriff is the chief and most effective law enforcement officer. Surely a sheriff with four years' experience could do a better job if allowed to continue in office until the voters thought otherwise.

About the time a sheriff learns his job he is required to quit and seek other employment. In my opinion this is a waste of taxpayers' money. A sheriff who does not do a good job or abuses his power can be voted out of office the same as a county judge, county court clerk or other county officials who can and are allowed to succeed themselves.

It is well settled that this court has the authority to invalidate a provision of the Kentucky Constitution which it finds to be contrary or repugnant to the Constitution of the United States. See *Miller v. Johnson,* 92 Ky. 589, 18 S.W. 522 (1892); Constitution of the United States, Article 6, Clause 2.

The fact that of all the county officials only the sheriff is singled out and prohibited by Section 99 of the Kentucky Constitution from seeking reelection, in my opinion, brings Section 99 into direct conflict with the rights of due process and equal protection guaranteed by the Fourteenth Amendment of the Constitution of the United States.

In preference to this higher law, I would therefore hold that the judgment of the Marshall Circuit Court be reversed with directions to enter judgment in favor of appellant granting the injunctive relief sought.